UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In the Matter of:

TG INTEGRATION, LLC

    Debtor,
_____/ /

Case No. 22-00615
Chapter 11
Hon. John T. Gregg
Filed:  3/27/2022

In the Matter of:

TG TURNKEY, LLC

    Debtor,
_____/ /

Case No. 22-00303
Chapter 11
Hon. John T. Gregg
Filed:  2/21/2022

In the Matter of:

TGM COATINGS, LLC

    Debtor,
_____/ /

Case No. 22-00304
Chapter 11
Hon. John T. Gregg
Filed:  2/21/2022

In the Matter of:

TG MANUFACTURING, LLC

    Debtor,
_____/ /

Case No. 22-00302
Chapter 11
Hon. John T. Gregg
Filed:  2/21/2022

**DECLARATION OF KEVIN KYLE**

I, Kevin Kyle, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

    1.    I am the President and day to day manager and President of TG Integration, LLC ("Integration"), TG Turnkey, LLC ("Turnkey"), TGM Coatings, LLC ("Coatings"), and TG Manufacturing, LLC ("Manufacturing"), (collectively referred to as "Debtors"). I am familiar with the day to day affairs of the Debtors, and one of my primary responsibilities is to manage the Debtors' cash flow needs.  I submit this Declaration to assist the Court and other parties in interest in understanding the circumstances that compelled the Debtors to commence these Chapter 11

cases and in support of (i) the Debtors' petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and (ii) the relief requested by the Debtors pursuant to various motions filed contemporaneously herewith (collectively, the "First Day Motions").

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with other members of the Debtors' management, financial advisors from Gantry Business Solutions LLC including Matthew S. Thiede, my review of relevant documents, and my opinion based upon my experience, knowledge, and information concerning the Debtors' operations and financial affairs. If called upon to testify, I would testify competently to the facts set forth in this Declaration. The Debtors have authorized me to submit this Declaration on their behalf.

3. Further, I have reviewed generally the First Day Motions and affirm that the facts set forth therein are true and correct to the best of my knowledge.

## BACKGROUND

**Corporate Structures.**

4. The Debtors are all owned by Richard Achtenberg. I am the President and day to day manager of TG Integration, TG Turnkey, TGM Coatings, and TG Manufacturing. There are no other corporate officers or owners.

**Business Operations.**

5. The affiliated companies have approximately 36 total employees.

6. The Debtors' headquarters are located at 4720 44th Street, Grand Rapids, Michigan, 49512.

7. The Debtor business entities, while separate entities, are affiliated entities that work in a linear progression towards the manufacture of unique products, such as slot machines. Integration is the "customer facing" entity amongst its affiliates. Turnkey stamps and shapes the

initial product mold. Coatings powder coats the product, which is then shipped to Integration for product finishing and assembly with various components.

**Business History and Events Leading to Chapter 11.**

8. Manufacturing was a major automobile supplier. My involvement with it began in 2016. At one time, sales were as high as $20,000,000.00 per year. Manufacturing specialized in material handling and manufacturing of automobile components. In 2020, Manufacturing lost its major customer which led to a drastic reduction in sales.

9. Changes in the industry also required a "pivot" to a new industry, which turned out to be the manufacture of slot machines. This took place as the assets of Integration were purchased from one TG Turnkey AG, LLC approximately two years ago. Integration has increased its revenue from $1,000,000.00 in its first year to $7,000,000.00 in 2021 and had anticipated an increased gross revenue for 2022.

10. On April 18, 2019, as amended, Turnkey, Coatings, and Manufacturing entered into a loan agreement with Bank of America ("BOA"), under which BOA made available to these Debtors a line of credit in the original principal amount of $5,000,000, and a term loan in the original principal amount of $2,000,000. These obligations were secured by security agreements against all assets of Turnkey, Coatings, and Manufacturing, and repayment of the BOA debt was personally guaranteed by Richard Achtenberg. The assets of Integration are not encumbered by the BOA debt.   Although inter-company transfers may have occurred to supplement Integration.

11. Turkey, Coatings, and Manufacturing owe pre-petition amounts to BOA of approximately $6,167,655.00.

12. The Debtors were unable to comply with the terms and defaulted under the terms of the loans, and in January of 2022, Bank of America initiated a Complaint in state court that sought the appointment of a Receiver. Management then elected to file Turnkey, Coatings, and

Manufacturing in three separate chapter 11 proceedings on February 21, 2022. At the time those cases were filed, it was believed that Integration could avoid the need to file its own chapter 11 proceeding. However, based on developments that have occurred since the initial cases were filed, it has become apparent that Integration would also need to file a chapter 11 proceeding, which was then filed on March 27, 2022.

13. Management believes Integration, Turnkey, and Coating can be sold as a going concern through a sale of their combined assets. They have had discussions with multiple potential interested parties and expect to soon enter into a Letter of Intent for a joint purchase agreement for these three entities.

14. Manufacturing closed its doors and assets may be sold separately through an auction.

### FIRST DAY MOTIONS

15. To minimize the adverse effects of the commencement of its chapter 11 case on its business and employees, the Debtors will file several First Day Motions with this Court.

16. I have reviewed the First Day Motions and believe the facts set forth therein are true and correct to the best of my knowledge. I believe that the relief requested in each of the First Day Motions is necessary, appropriate, and is in the best interest of the Debtors' estates, creditors, and other parties in interest.

    A. **Employee Wages Motion – As to Integration Only.**

17. In the ordinary course of their businesses, the Debtors incur payroll obligations to their employees (the "**Employees**"). The Debtors employ approximately 36 full-time Employees as follows:

    A. TG INTEGRATION, LLC – 16 full time employees

    B. TG TURNKEY, LLC – 16 full time employees.

      C.  TGM COATING, LLC – 4 full time employees.

      D.  TG MANUFACTURING, LLC – 0 employees.

18.    The Employees perform critical functions for day-to-day business operations. Payroll is made every Friday.

19.    The Debtors' records indicate that the amount of Prepetition Compensation and Prepetition Benefits owing to or on account of any one particular Employee will not exceed the amount allowable as a priority claim under Sections 507(a)(4) and (a)(5) of the Bankruptcy Code.

      **B.**    **Cash Collateral Motion – As to Turnkey, Coatings, and Manufacturing.**

20.    Through the Cash Collateral Motion, the Debtors seek Court approval to use cash in which the Secured Lenders (as defined in such motion) may assert a lien (the "**Cash Collateral**"). Such cash collateral consists primarily of cash on hand plus the normal income received from the Debtors' customers.

21.    The Debtors have an immediate need for the use of Cash Collateral and will suffer irreparable harm if they are not allowed urgently to use Cash Collateral for, among other things, continuing their regular business operations in an orderly manner; maintaining business relationships with vendors, suppliers, and customers, providing for the payment of employees, and satisfying other working capital, timely payment of post-petition vendors and operational needs--all of which are vital to preserving and having the opportunity to maintain the Debtors' going-concern value and, ultimately, effectuating a successful course for the benefit of all creditors and parties in interest.

22.    The Debtors intend to use cash collateral consistent with a proposed budget (the "Budget"), as attached to the Cash Collateral motion. Such Budget covers the expenses necessary to meet the normal operations of the Debtors' businesses and to properly administer the Debtors' bankruptcy estates while in the protections of chapter 11.

23. As may be set forth in more detail in the Cash Collateral Motion, Debtors are seeking the Lender's authorization to use Cash Collateral. Utilizing cash collateral will help to consider maintaining the Debtors' business operations, to continually replenish their accounts receivable, and thereby preserve and enhance the value of the Secured Lender's collateral.

### C. **Bank Accounts.**

24. Debtors Manufacturing, Turnkey, and Coatings have each respectively closed all existing bank accounts as of their Petition Date of February 21, 2022. They have individually each opened Debtor-In-Possession Accounts at Independent Bank.

25. Debtor Integration has a bank account at Independent Bank and has opened General, Payroll, and Tax Accounts at Macatawa Bank.

### D. **Utilities Motion.**

26. Any interruption of utility service would severely disrupt and diminish the Debtors' chance for a successful reorganization. Accordingly, the Debtors request the Court enter an order (a) prohibiting the Utility Companies from altering or discontinuing utility services based upon the chapter 11 filing, and (b) establishing procedures as described in the Utilities Motion for determining requests for assurance of payment.

**Conclusion.**

27. I believe the relief sought in the First Day Motions is necessary for the Debtors to effectuate a smooth transition into chapter 11 bankruptcy, to avoid irreparable harm to its business and estate, and is in the best interest of the Debtors' creditors, estates, and other stakeholders.

28. Accordingly, for the reasons stated herein and in each of the First Day Motions, I respectfully request that each of the First Day Motions be granted in their entirety, together with such further relief as the Court deems just and proper.

Dated:   March 27, 2022

                                             /s/ Kevin Kyle
                                             Kevin Kyle
                                             President
                                             TG Integration, LLC
                                             TG Turnkey, LLC
                                             TGM Coatings, LLC
                                             TG Manufacturing, LLC